UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No: 8:08-cr-530-T-27TGW

LUNCH PHILENTROPE
_____/

ORDER

**BEFORE THE COURT** are Defendant Philentrope's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. 143). No response is necessary. The motion is **DENIED**.

Philentrope stands convicted of conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine. (Dkt. 81 at 1). He was sentenced to 240 months imprisonment, followed by 5 years of supervised release. (Id. at 2-3). The Eleventh Circuit Court of Appeals dismissed his appeal. (Dkt. 116). This Court denied his motion to vacate pursuant to 28 U.S.C. § 2255 and his motions to reduce and/or modify his sentence. (Dkts. 121, 130).

Philentrope now seeks a sentence reduction based on what he contends are "extraordinary and compelling reasons." (Dkt. 143 at 8). He asserts that he is "suffering from a condition which affects his immune system, specifically having a low white blood cell count." (Id. at 3). He further asserts that "[n]ormally, this would pose no issues or concern; however, when the potential of dying from COVID-19 lurks in every corner and on every surface of Movant's housing facility with no way for him to self-care and/or counter the potential of infection, the threat become real and imminent." (Id. at 3). Moreover, he "contends that, if he were sentenced today instead of in 2009, a lower sentence would be imposed thereby creating a sentencing disparity which, for

1

purposes of § 3582(c)(1)(A)(i), constitutes an extraordinary and compelling reason." (Id. at 5). Upon review, Philentrope's motion is due to be denied.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting the administrative remedies available to him following the failure of the Bureau of Prisons (BOP) to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b).[1] Philentrope provides documentation reflecting that he filed a request with BOP to bring a motion on his behalf more than 30 days ago. (Dkt. 143 at 4; 143-1 at 8-14). On August 18, 2020, his request was denied. (Dkt. 143-1 at 8). Accordingly, because 30 days have elapsed since the warden received his request for compassionate release, his motion can be considered.

While the First Step Act provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. n.1.

---

[1] This exhaustion requirement cannot be waived. *See, e.g., United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020) (finding that the court "does not have the authority to excuse the exhaustion or lapse requirement in § 3582(c)(1)(A), even in the midst of the COVID-19 pandemic").

None of the reasons offered by Philentrope fall within these circumstances. First, although he asserts that he suffers from underlying health conditions (Dkt. 143 at 9-12), he does not provide documentation demonstrating that he suffers from a terminal illness or that his medical conditions substantially diminish his ability to provide self-care.[2] *See* U.S.S.G. § 1B1.13, cmt. n.1. Rather, the record reflects that he has no medical restrictions and is assigned to "CARE1," which is described as "healthy or simple chronic care." (Dkt. 143-1 at 18). Second, he is 37 years old and does not qualify under the age-based criteria, and he has not presented family circumstances to justify compassionate release. As for his contention that "the potential of dying from COVID-19 lurks in every corner and on every surface of Movant's housing facility," (Dkt. 143 at 3), courts in this Circuit, with which I agree, have held that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See Smith*, 2020 WL 2512883, at *4.

Last, to the extent Philentrope contends that district courts have discretion to determine whether a defendant has presented an extraordinary and compelling reason independent of U.S.S.G. § 1B1.13 (Dkt. 143 at 8-9, 13), courts in this Circuit, also with which I agree, have

---

[2] *See, e.g., United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated").

Notwithstanding his assertion that he "is having extreme difficulty in obtaining the supporting records and documentation" regarding his low white blood cell count diagnosis (Dkt. 143 at 3), Philentrope's Presentence Investigation Report (PSR) appears to contradict his claims. Specifically, the PSR reflects that he told Probation "[h]e is neither taking, nor in need of any, prescription medication," and "[h]e has never suffered from any prolonged medical conditions and/or illnesses." (Dkt. 145 at ¶ 90). In any event, even if he could demonstrate that he suffered from the asserted condition back in "approximately 2006/2007" (Dkt. 143-1 at 3), he fails to demonstrate that it now "substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1; *see also United States v. Collins*, No. 8:15-cr-242-T-24, 2020 WL 6820886, at *3 (M.D. Fla. Nov. 2, 2020) (finding that a low white blood cell count does not constitute an extraordinary and compelling circumstance).

rejected that contention.[3] *See, e.g., United States v. Willingham*, No. CR 113-010, 2019 WL 6733028, at *1 (S.D. Ga. Dec. 10, 2019). Even if district courts have discretion to independently determine what constitutes an extraordinary and compelling reason, Philentrope has failed to demonstrate an adequate basis to warrant compassionate release. And although he cites the sentencing factors in 18 U.S.C. § 3553 (Dkt. 143 at 13-15), absent an extraordinary and compelling reason or another basis to warrant a reduction, this Court declines to reduce his sentence.[4] *See* 18 U.S.C. § 3582(c)(1).

In summary, Philentrope's reasons for release are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are, therefore, not consistent with the policy statement in § 1B1.13. Accordingly, absent extraordinary and

---

[3] Philentrope's reliance on *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020) is unpersuasive. In *Brooker*, the Second Circuit held that "despite Application Note 1(D), the First Step Act freed district courts to exercise their discretion in determining what are extraordinary circumstances." *Id.* at 234. The court explained that "[b]ecause Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants [as compared to those brought by the Bureau of Prisons], Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling. . . . The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" *Id.* at 236, 237-38 (quoting 28 U.S.C. § 994(t)) (emphasis and alterations in original). First, *Brooker* is not binding authority. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th. Cir. 1981) ("Under the established federal legal system the decisions of one circuit are not binding on other circuits."). Second, the Eleventh Circuit has not determined that U.S.S.G. § 1B1.13 does not apply to compassionate release motions brought by defendants. *See United States v. Griffin*, 815 F. App'x 503, 504 (11th Cir. 2020) (noting that district courts must "find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission" before reducing a term of imprisonment).

[4] Even if extraordinary and compelling reasons exist, the section 3553(a) factors do not weigh in favor of Philentrope's release. These factors aid courts in imposing a sentence that is "sufficient, but not greater than necessary . . . to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment." *United States v. Powers*, 790 F. App'x 176, 182 (11th Cir. 2019) (citing 18 U.S.C. § 3553(a)). In addition to these factors, "[t]he court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant . . . ." *United States v. Gonzalez-Villanueva*, 810 F. App'x 809 (11th Cir. 2020) (citations omitted). Indeed, Philentrope's criminal history is extensive. *See* (Dkt. 145 at ¶¶ 43-54). When he was sentenced in this case, he was 25 years old, and after being granted a downward departure, he was found to be in a criminal history category four. (Dkt. 99 at 22:5-7). Reducing his sentence, therefore, would not reflect the seriousness of his offense, promote respect for the law, provide just punishment for his past behaviors, or adequately deter criminal conduct in the future.

compelling reasons, relief cannot be granted, and the motion is **DENIED**. His request to appoint counsel (Dkt. 143 at 15) is **DENIED**.

    **DONE AND ORDERED** this 14th day of January, 2021.

                                              **JAMES D. WHITTEMORE**
                                              United States District Judge

Copies to: Defendant, Counsel of Record