UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                                  Case No. 8:8-cr-530-KKM-TGW

LUNCH PHILENTROPE,

    Defendant.
_____

## ORDER

On July 27, 2009, Lunch Philentrope received a sentence of two hundred forty months' imprisonment after he pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. Judgment (Doc. 81) at 1–2; *see* 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A). Having served over fifteen years of that sentence, Philentrope seeks compassionate release. Mot. for Compassionate Release (Mot.) (Doc. 148). I deny that motion.

Subject to ordinary appellate and collateral review, sentences of imprisonment are generally final. *See* 18 U.S.C. § 3582(c). Section 3582(c)(1) sets out one exception, commonly called "compassionate release." *United States v. Handlon*, 97 F.4th 829, 831–32 (11th Cir. 2024) (per curiam). For his compassionate-release motion to be considered on the merits, a prisoner must either exhaust his

administrative remedies with the Bureau of Prisons, or else the prisoner's warden must fail to act on a request for compassionate release within thirty days of receipt. 18 U.S.C. § 3852(c)(1). That threshold requirement being met, a court may order compassionate release only if (1) "extraordinary and compelling reasons warrant" release, (2) the factors in 18 U.S.C. § 3553(a) support release, and (3) release is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The applicable policy statement is U.S.S.G. § 1B1.13. *See United States v. Bryant*, 996 F.3d 1243, 1252 (11th Cir. 2021). "Because all three conditions—*i.e.*, support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement—are necessary, the absence of even one would foreclose a sentence reduction." *Handlon*, 97 F.4th at 832 (quoting *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021) (per curiam)).

Philentrope points to two purported "extraordinary and compelling reasons" for ordering his early release—first, he has served at least ten years of an "unusually long sentence," Mot. at 6, and second, his father had a stroke in 2023 and is now partially paralyzed, (Doc. 148-1) at 11. Philentrope also contends that the § 3553(a) factors support immediate release. Mot. at 7–9.

Philentrope has not shown an extraordinary and compelling reason for release under U.S.S.G. § 1B1.13(b). Starting with his father's health, it is true that § 1B1.13(b)(3)(C) identifies "[t]he incapacitation of the defendant's parent" as a potential extraordinary and compelling reason. But it adds that a defendant's parent's ailing health is an extraordinary and compelling reason only when "the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). Philentrope's proposed release plan reflects that his father lives with his mother and three adult cousins, and Philentrope provides no evidence that these relatives are unable to care for his father. *See* (Doc. 148-1) at 9. Accordingly, Philentrope's father's health is not an extraordinary and compelling reason for his early release. *See Handlon*, 87 F.4th at 833 ("A district court is right to reject a rationale for a sentence reduction that 'does not fall within any of the reasons that [§] 1B1.13 identifies as extraordinary and compelling.'" (quoting *Bryant*, 996 F.3d at 1265)).

The length of Philentrope's sentence is also not a reason for release. The Sentencing Guidelines provision that Philentrope cites provides that a court may consider "a change in the law" "[i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment." U.S.S.G. § 1B1.13(b)(6); *see id.* § 1B1.13(c) (providing that a court may consider a change in

the law for the purpose of determine whether an extraordinary and compelling reason exists only under (b)(6)'s terms); *see also, e.g.*, *United States v. Smith*, No. 24-11460, 2025 WL 900016, at *2–3 (11th Cir. Mar. 24, 2025) (applying (b)(6)); *United States v. Ratliff*, No. 24-10752, 2024 WL 4371658, at *2–4 (11th Cir. Oct. 2, 2024) (same). It does not provide that serving ten years of an unusually long sentence is itself an extraordinary and compelling reason justifying release. As Philentrope's motion identifies no relevant change in the law, he has not shown an extraordinary or compelling reason under (b)(6).[1]

Philentrope's failure to establish an extraordinary and compelling reason enumerated in § 1B1.13(b) "forclose[s]" relief. *Handlon*, 97 F.4th at 832 (quoting *Tinker*, 14 F.4th at 1238).

Accordingly, defendant Lunch Philentrope's Motion for Compassionate Release (Doc. 148) is **DENIED**.

---

[1] Because I conclude that Philentrope has not made out a prima facie case for relief under U.S.S.G. § 1B1.13(b)(6), I need not consider the government's argument that the Sentencing Commission exceeded its authority in promulgating (b)(6). *See* Resp. (Doc. 151) at 5–9.

**ORDERED** in Tampa, Florida, on April 11, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge